Gabuthers, J.,
delivered the opinion of the court
The plaintiff in error was indicted and convicted for betting on a horse race in the county of Giles. The circuit court overruled a motion for a new trial, and appeal in error to this court. It is insisted that the facts do not make out a case of gaming, but that it falls under the exemption of the acts of 1820, eh. 5; and 1883, ch. 10, § 1. The first act excepts betting on “ turf racing,” from the penalties of gaming. In consequence of some uncertainty in the meaning of this term, the Legislature, in 1833, gave a definition of turf racing. They say: “All horse racing, without regard to the distance which may be run, where the same is run upon a tract or path, made or kept for the purpose of horse racing, shall be deemed turf racing.”
Before this statutory definition, a turf was understood to apply, only to a tract at least one mile long. But the legislature have the power to make or change the meaning of words 1 as they please; their definitions are binding on all, and cannot be gainsaid. So, betting on a turf race, according to this definition, is not indictable. Was this race run upon a “tract or j>ath, made or kept for the purpose of horse racing?” We think with the court and jury below, that it was not- The *281 proof shows, that it was a tract made and kept np occasionally, by the neighbors, in a field of defendant’s, and only so kept and used when they would make a race for their own sport. It was not a tract kept for regular periodical racing. These kind of tracts can only be kept under license, and the payment of an annual tax to the State, as for a “ privilege, ” of one hundred dollars; Act, 1848, ch. 161, § 9. The words are: “Upon the privilege of keeping a tract for turf racing, one hundred dollars.” Now, it would seem inevitably to follow, that if this were such a tract, as is defined by the act of 1833, and which it must be, to exempt the defendant from the offence of gaming, then he is liable to the severe penalties of the revenue laws, for keeping it up for racing, without taking out license for the privilege. This is an evil and corrupting practice, promoting idleness and dissipation, poisonous to public morals, and ought to be suppressed. Remove the stimulus of betting, and the practice will cease.
¥e have examined the charge of the circuit judge, and consider it, taken altogether, an exposition of the law on the subject, which is substantially correct.
The judgment will be affirmed.